## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL ACTION

| | | |
|---|---|---|
| **NATHANIEL JOHNSON** | : | |
| **801 North Duke Street** | : | |
| **Lancaster, PA 17602** | : | |
| **Plaintiff,** | : | |
| | : | **No.:** |
| **v.** | : | |
| | : | |
| **CITY OF LANCASTER** | : | |
| **120 North Duke Street** | : | |
| **Lancaster, PA 17602** | : | |
| **and** | : | |
| **WILLIAM HEIM** | : | |
| **Lancaster City Police Chief** | : | |
| **c/o Lancaster City Bureau of Police** | : | |
| **39 East Chestnut Street** | : | |
| **Lancaster, PA 17602** | : | |
| **and** | : | |
| **MICHAEL J. GERACE** | : | |
| **Lancaster City Police Officer** | : | |
| **c/o Lancaster City Bureau of Police** | : | |
| **39 East Chestnut Street** | : | |
| **Lancaster, PA 17602** | : | |
| **and** | : | |
| **JASON ZIEGLER** | : | |
| **Lancaster City Police Officer** | : | |
| **c/o Lancaster City Bureau of Police** | : | |
| **39 East Chestnut Street** | : | |
| **Lancaster, PA 17602** | : | |
| **Defendants.** | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

1.      This is an action for money damages against the City of Lancaster, Lancaster City Police Chief William Heim, Lancaster City Police Officer Michael J. Gerace and Lancaster City Police Officer Jason Ziegler for the violation of plaintiff's constitutional rights.

2.     Plaintiff alleges that defendants Officer Gerace and Officer Ziegler, with reckless disregard for his safety, unlawfully used excessive force by forcing plaintiff's arms behind his back, twisting his neck, forcefully pushing him into a wall, forcing him face down on the sidewalk, removing his neck brace, pulling bandaging off his right hand, placing him in handcuffs and spraying him with pepper spray.  The actions of defendants Officer Gerace and Officer Ziegler were without legal justification and in violation of plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth Amendment of the United States Constitution, 42 U.S.C. §1983, and his rights under the Constitution and laws of the Commonwealth of Pennsylvania.  By assaulting plaintiff as aforesaid, defendants Officer Gerace and Officer Ziegler directly violated the laws of the Commonwealth of Pennsylvania and the rules and regulations of the City of Lancaster regarding the excessive use of force.

3.     Plaintiff alleges that the City of Lancaster through its supervisors and Police Chief William Heim failed to provide training and supervision concerning the rights of citizens and the lawful use of force by police officers, amounting to gross negligence and a reckless and/or deliberate indifference to the safety and lives of the citizens of the Commonwealth of Pennsylvania including plaintiff.  Further, defendants City of Lancaster and Police Chief William Heim are directly liable and responsible for the acts of defendants Officer Gerace and Officer Ziegler because they repeatedly and knowingly failed to enforce the laws and guidelines of the Commonwealth of Pennsylvania, and the regulations of the City of Lancaster Police Force pertaining to the use of force by police officers, thereby creating within the City of Lancaster and the Lancaster City Police Force an atmosphere of

lawlessness in which police officers employed excessive and illegal force and violence in the belief that such acts would be condoned and justified by their superiors.

4. Plaintiff files the within civil action complaint and requests judgment against defendants City of Lancaster, Police Chief William Heim, Officer Gerace and Officer Ziegler, jointly, severally and in the alternative in a sum in excess of One Hundred Thousand Dollars ($100,000.00), plus punitive damages, interest, costs, and attorneys fees pursuant to 42 U.S.C. §1988 and damages for delay.

**JURISDICTION**

5. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. Section 1331 and 1334, and the aforementioned statutory and Constitutional provisions. Plaintiff further invokes pendant jurisdiction of this court to consider claims arising under state law.

**PARTIES**

6. Plaintiff Nathaniel Johnson is, and was at all material times, an adult individual and citizen of the United States.  He currently resides at 801 North Duke Street, Lancaster, Pennsylvania 17602.

7. Defendant City of Lancaster is, and at all times relevant to this complaint
		was,
a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and located in the City and County of Lancaster at 120 North Duke Street,

Lancaster, Pennsylvania 17602.  At all times relevant, defendant City of Lancaster employed the defendant police officers.

8.      Defendant Police Chief William Heim is, and at all times relevant was, the duly

appointed and acting police chief of the City of Lancaster with a business address of 39 East Chestnut Street, Lancaster, Pennsylvania 17602.  At all times relevant, defendant Police Chief William Heim was acting in his capacity as the agent, servant and employee of the defendant City of Lancaster and the Lancaster City Police Department.  He is being sued individually and in his official capacity.

9.      Defendant Michael J. Gerace is, and at all times relevant to this complaint was, a police officer with the Lancaster City Bureau of Police with a business address of c/o Lancaster City Bureau of Police, 39 East Chestnut Street, Lancaster, Pennsylvania 17602. At all times relevant, defendant Officer Gerace was acting in his capacity as the agent, servant and employee of defendants City of Lancaster and the Lancaster City Police Department.  He is being sued individually and in his official capacity.

10.      Defendant Jason Ziegler is, and at all times relevant to this complaint was, a police officer with the Lancaster City Bureau of Police with a business address of c/o Lancaster City Bureau of Police, 39 East Chestnut Street, Lancaster, Pennsylvania 17602. At all times relevant, defendant Officer Ziegler was acting in his capacity as the agent, servant and employee of defendants City of Lancaster and the Lancaster City Police Department.  He is being sued individually and in his official capacity.

11.     At all times relevant, and in all the actions described herein, defendants Officer Gerace and Officer Ziegler were acting under color of law and pursuant to their authority as Lancaster City Police Officers in the Commonwealth of Pennsylvania.

**CAUSE OF ACTION**

**COUNT I**

**PLAINTIFF, NATHANIEL JOHNSON**
**v.**
**DEFENDANTS OFFICER MICHAEL J. GERACE**
**AND OFFICER JASON ZIEGLER**

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 11 the same as if set forth at length herein.

12.     On or about October 14, 2001, at approximately 2:00p.m., an automobile accident occurred at the intersection of North Duke Street and East Clay Street, in Lancaster City, Pennsylvania, whereby plaintiff's lawfully parked vehicle was struck and heavily damaged by a vehicle directly involved in the accident.

13.     At the aforesaid date, time and place, plaintiff Nathaniel Johnson was lawfully present at the intersection when defendants Officer Gerace and Officer Ziegler approached plaintiff and demanded he stop talking to the tow truck driver towing his car.

14.     Defendants Officer Gerace and Officer Ziegler forcefully grabbed plaintiff's arms, pushed plaintiff to the ground by his neck, choked him and removed the neck brace plaintiff was wearing due to recent spinal surgery on his neck.

15.     Defendants Officer Gerace and Officer Ziegler pulled plaintiff's arms up behind his back, handcuffed plaintiff's left hand to his left side belt loops, and removed a splint and bandaging plaintiff was wearing due to recent carpal tunnel surgery on his right hand.

16.     Defendants Officer Gerace's and Officer Ziegler's actions were without justification or provocation.

17.     By injuring plaintiff through the excessive use of force, defendants Officer Gerace and Officer Ziegler violated the laws of the Commonwealth of Pennsylvania and the rules and regulations of the Lancaster City Police Department regarding the use of force.

18.     As a direct and proximate result of the aforesaid actions of defendants Officer Gerace and Officer Ziegler, plaintiff suffered severe personal injuries including opening of surgical sutures in plaintiff's neck only three days after spinal surgery; removal of protective bandaging from plaintiff's right hand resulting in bleeding and subsequent infection at the incision cite; increased swelling and pain around plaintiff's neck and hand incisions; neck injury and pain; muscular injury and pain; right shoulder injury; blurred vision in plaintiff's left eye; severe pain and suffering; and severe mental and emotional distress.

19.     Defendants Officer Gerace and Officer Ziegler injured plaintiff without just and legal cause and with reckless indifference to the safety of plaintiff, thereby violating plaintiff's rights under the laws and Constitution of the United States, in particular 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, and plaintiff's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

20.     As a further direct and proximate result of the actions of defendants Officer Gerace and Officer Ziegler, plaintiff incurred various medical expenses in an effort to effect a cure for his injuries and is expected to suffer such loss in the future all to his great detriment and loss.

21.     As a further direct and proximate result of the aforesaid actions of defendants Officer Gerace and Officer Ziegler, plaintiff was and may in the future be unable to engage in his usual daily activities and occupations all to his great detriment and loss.

22.     As a direct and proximate result of the above described unlawful, reckless, arbitrary, intentional and malicious acts of defendants Officer Gerace and Officer Ziegler, all committed under color of their authority as Lancaster City Police Officers and while acting in that capacity, plaintiff suffered great bodily harm, all of which is in violation of his rights under the laws and Constitution of the United States in particular the Fourth Amendment thereof and 42 U.S.C. §1983.

23.     Plaintiff Nathaniel Johnson was a victim of summary punishment at the hands of defendants Officer Gerace and Officer Ziegler.  The punishment administered was grossly disproportionate to whatever plaintiff's acts may have been, constituted cruel and unusual punishment and deprived him of his right to due process of law under the laws and Constitution of the United States.  The infliction of injury upon plaintiff by defendants Officer Gerace and Officer Ziegler was unwarranted, cruel, arbitrary, reckless, inhumane, unjustifiable and excessive.

24.     As a further direct and proximate result of the above described acts, plaintiff was deprived of the rights and immunities secured to him under the Constitution and laws of

the United States and the Commonwealth of Pennsylvania to be secure in his person and to be free from punishment without due process.

25.     Defendants Officer Gerace and Officer Ziegler subjected plaintiff to these deprivations of his rights either maliciously, arbitrarily or by acting with reckless disregard for whether plaintiff's rights would be violated by these actions.

26.     As a direct and proximate result of the acts and omissions of defendants Officer Gerace and Officer Ziegler, plaintiff suffered severe personal injuries as described above, was forced to endure great physical and mental pain and suffering, forced to incur medical and legal expenses and deprived of his physical liberty all to his great detriment and loss.

WHEREFORE, plaintiff demands judgment against defendants Officer Gerace and Officer Ziegler jointly, severally and in the alternative in a sum in excess of One Hundred Thousand Dollars ($100,000.00) plus punitive damages, interest, costs, attorney's fees and damages for delay.

## COUNT II

### PLAINTIFF, NATHANIEL JOHNSON
### v.
### MUNICIPAL DEFENDANTS THE CITY OF LANCASTER
### AND POLICE CHIEF WILLIAM HEIM

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26, the same as if set forth at length herein.

27.     Prior to October 14, 2001, municipal defendants City of Lancaster and

Police Chief William Heim tolerated and ratified a pattern and practice of unjustified unreasonable and illegal use of force in that:

     a.     Municipal defendants failed to discipline or prosecute or in any manner deal with known incidents of abuse of police powers and improper use of force by officers;

     b.     Municipal defendants refused to investigate complaints of previous incidents of abuse of police powers and improper use of force by police officers and instead officially claimed that such incidents were justified and proper; and

     c.     By means of both inaction and cover-up of such abuse of police powers and excessive use of force by officers, municipal defendants encouraged police officers including Officers Gerace and Ziegler to believe that such abuse of police powers and improper use of force was permissible.

28.     Municipal defendants have maintained either an inadequate system or no system of review of the use of force by police officers, which results in the failure to identify instances of improper use of force, or failure to discipline, closely supervise or retrain police officers who improperly use force.  Upon information and belief, the system deficiencies include, but are not limited to:

     a.     Preparation of investigative reports designed to vindicate the use of force regardless of whether such actions were justified;

b.    Preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically fail to credit testimony by non-police officer witnesses;

c.    Preparation of investigative reports which omit factual information and physical evidence which contradict the accounts of the police officers involved;

d.    Issuance of statements exonerating officers involved in such incidents prior to the conclusion of investigation; and

e.    Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

29.    Upon information and belief, municipal defendants also maintain a system of grossly inadequate training pertaining to the law of permissible use of force.

30.    The foregoing acts, omissions and systemic deficiencies, policies and/or customs of municipal defendants have caused police officers of municipal defendants to be unaware of the rules and laws governing the use of force and to believe that the use of force is entirely within the discretion of the officer and an improper and excessive use of force would not be honestly and properly investigated, all with the foreseeable result that officers are more likely to engage in excessive use of force in situations where such force is neither necessary, reasonable, nor legal.

31.    Municipal defendants failed to promulgate and enforce a policy relating to

the use of force which is not in violation of the laws of the Commonwealth of Pennsylvania and the United States Constitution, thereby causing and encouraging police officers, including defendants Officer Gerace and Officer Ziegler to violate the rights of citizens such as plaintiff.

32.     Municipal defendants failed to properly sanction or discipline officers who are
aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens including Fourth Amendment rights violations by other police officers, thereby causing and encouraging police officers, including defendants Officer Gerace and Officer Ziegler, to violate the rights of citizens such as plaintiff.

33.     Municipal defendants have intentionally and/or with conscious indifference to the danger of harm to citizens like plaintiff, established a system which fails to identify, track or report instances of improper use of force and which is used by municipal defendants to conceal the extent to which police officers engage in improper and excessive use of force.

34.     The foregoing acts, omission and systemic deficiencies of policies, practices and customs of municipal defendants have caused police officers of municipal defendant including defendants Officer Gerace and Officer Ziegler, to be unaware of or to disregard the rules and laws governing the situations under which it is permissible to engage in the use of force and to believe that the excessive use of force against citizens without just cause is a proper police practice entirely within the discretion of the officer and that excessive use of force resulting in injuries would not be honestly and properly investigated all with the foreseeable result that officers including defendants Officer Gerace and Officer Ziegler are

11

more likely to engage in excessive use of force in situations where such action is neither necessary, reasonable nor legal.

35.     At no time, either prior to employment of the defendants Officer Gerace and Officer Ziegler, or after assignment to duty whereby it was foreseeable that defendants Officer Gerace and Officer Ziegler would be required to use force, did municipal defendants take reasonable steps to ascertain whether defendants Officer Gerace and Officer Ziegler were emotionally capable of performing such police duties and did not have a propensity toward violence or overreaction in situations they were likely to encounter, or administer well-known standard tests to ascertain defendants Officer Gerace's and Officer Ziegler's propensity toward violence.

36.     Municipal defendants as a matter of policy and practice have with deliberate indifference failed to adequately train, discipline, sanction or otherwise direct Lancaster City Police Department officers concerning the rights of citizens particularly the Fourth Amendment of the United States Constitution, thereby causing the defendants Officer Gerace and Officer Ziegler in this case, to engage in unlawful conduct described above.

37.     Municipal defendants, as a matter of policy and practice, have with deliberate indifference failed to adequately train, discipline, sanction or otherwise direct Lancaster City Police Department Officers, including defendants Officer Gerace and Officer Ziegler, who are aware of and subsequently conceal violations of the constitutional rights of citizens including Fourth Amendment rights violations by other police officers.  Municipal defendants' policy and practice, thereby causes and encourages officers, including

12

defendants Officer Gerace and Officer Ziegler, to engage in unlawful conduct which violates plaintiff's Fourth Amendment rights.

38.     Municipal defendants are directly liable for their own acts and omissions, specifically with regard to the failure to train and the promulgation of violations of the plaintiff's Fourth Amendment rights through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones, and/or tolerates such violations.

39.     As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of municipal defendants, defendants Officer Gerace and Officer Ziegler violated plaintiff's Fourth Amendment rights and improperly engaged in the use of excessive force, thereby causing severe personal injuries, more specifically set forth above in plaintiff's complaint.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally, and in the alternative, in a sum in excess of $100,000.00, plus interest, costs, attorney's fees and damages for delay.

## COUNT III

### PLAINTIFF, NATHANIEL JOHNSON
v.
### DEFENDANTS OFFICER GERACE AND OFFICER ZIEGLER

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 39 the same as if set forth at length herein.

40.     At all times relevant, defendants Officer Gerace and Officer Ziegler, were acting as officers of the City of Lancaster Police Department, acting at all times within the course and scope of their authority.

13

41.     The acts of defendants Officer Gerace and Officer Ziegler, alleged in the preceding paragraphs, constitute the torts of assault and battery, all to the plaintiff's great detriment and loss.

42.     The acts of defendants alleged in the preceding paragraphs deprived plaintiff of his rights, privileges, and immunities under the laws and the Constitution of the Commonwealth of Pennsylvania, in particular, the right to be secure in his person and property, to be free from excessive punishment, and the right to due process secured to him by Article I, Sections I, VIII, IX, XIII, and XXVI, of the Pennsylvania Constitution and resulted in the injuries and damages more specifically described in paragraphs 18, 21, 22 and 26.

WHEREFORE, plaintiff demands judgment against defendants, jointly, severally, and in the alternative in a sum in excess of $100,000.00, plus punitive damages, interest, costs, attorney's fees, and damages for delay.

## COUNT IV

### PLAINTIFF, NATHANIEL JOHNSON
### v.
### ALL DEFENDANTS

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 42 the same as if set forth at length herein.

43.     The acts of defendants alleged in the preceding paragraphs consist of violations of plaintiff's Constitutional rights under the Fourth Amendment and 42 U.S.C. §1983.

14

44.     Plaintiff is entitled to attorney's fees for the work performed by his attorneys in this action pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally and in the alternative in a sum in excess of One Hundred Thousand Dollars ($100,000.00) plus punitive damages, interest, costs, attorney's fees and damages for delay.

## COUNT V

### PLAINTIFF, NATHANIEL JOHNSON
### v.
### DEFENDANTS OFFICER MICHAEL J. GERACE, OFFICER JASON ZIEGLER, AND POLICE CHIEF WILLIAM HEIM

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 44 the same as if set forth at length herein.

45.     The herein described conduct of defendants Gerace and Ziegler was malicious, wanton, willful, reckless and intentionally designed to inflict grievous bodily injury and mental distress upon plaintiff's person.

46.     As a result of the malicious, wanton, willful, reckless and intentional conduct of defendants, plaintiff demands punitive damages.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally and in the alternative in a sum in excess of One Hundred Thousand Dollars ($100,000.00) plus punitive damages, interest, costs, attorney's fees and damages for delay.

15

## JURY TRIAL DEMAND

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 the same as if set forth at length herein.

47.    Plaintiff demands a trial by jury.


Respectfully submitted,

CRYSTLE, ALLEN & GRIMES, LLC


By:    _____
       Kevin C. Allen, Esquire
       Attorney for Plaintiff, Nathaniel Johnson
       Attorney I.D. No.  55232
       143 North Duke Street
       Lancaster, PA 17602
       Telephone:  (717) 393-0600
       Facsimile:  (717) 396-1028

16